# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM VAZQUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17-CV-05645 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| MASON MANOR CONDOMINIUM ) | |
| ASSOCIATION, KOVITZ, SHIFRIN ) | |
| AND NESBIT, P.C., CROSSROADS ) | |
| ESTATE PARTNERS, LLC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Defendants, Crossroads Real Estate Partners, LLC ("Crossroads") and Mason Manor Condominium Association ("MMCA"), jointly moved to dismiss Pro-se Plaintiff William Vazquez' ("Vazquez") action pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process [43]. Defendant Kovitz, Shifrin, and Nesbit, P.C. ("KSN") independently filed a separate motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim [38]. For the reasons stated below, both motions to dismiss are granted and Vazquez' Amended Complaint is dismissed without prejudice.

**Background**

The facts below are taken as true for the purpose of deciding this motion. Vazquez owned and lived in a condominium at 100 North Mason in Bensenville, IL for over eleven years. While living there, he held leadership positions on the MMCA board. MMCA is an Illinois not-for-profit corporation, which manages the common interests of 100 North Mason in Bensenville, Illinois. Crossroads is an Illinois corporation that manages the day-to-day affairs of MMCA. KSN is a professional corporation in Illinois that served as counsel to MMCA. In 2010, Vazquez, in his MMCA capacity, was directed to perform several building

1

improvements at 100 North Mason by the local fire inspector. The improvements were paid for by fees and special assessments imposed upon the condo owners.

Vazquez alleges that members of the association, because they were displeased with being charged for the improvements, began to harass him by filing false police reports, claiming that he stole from MMCA and filing lawsuits against him. He also contends he was subject to discrimination by MMCA and the owners that other unit members were not and that two of the owners planned to remove him because of his Puerto Rican decent. Vazquez eventually lost access to his condominium unit and was evicted.

Vazquez filed the instant suit, alleging that all defendants violated the Fair Housing Act; conspired to violate the Fair Housing Act; violated the Civil Rights Act of 1866. He also claimed that MMCA violated the Illinois Consumer Fraud and Deceptive Business Practices Act. Vazquez served all defendants using United States Postal Service's certified mail ("certified mail"). Two defendants, MMCA and Crossroads jointly moved to dismiss Vazquez' Complaint for failure to adequately effectuate service per Federal Rule of Civil Procedure 12(b)(5). KSN individually moved to dismiss Vazquez' complaint for failing to state a claim under 12(b)(6). Vazquez filed a written response to MMCA and Crossroads' motion. He also provided argument at the hearing on March 1, 2018. Vazquez did not provide a written response to KSN's motion despite being provided almost three months to do so. When provided an opportunity to argue his position on the Rule 12(b)(6) Motion in court, he merely argued that KSN was liable because they were intimately involved in his disparate treatment and the false reports and arrests he endured and that they did not affirmatively come to his assistance.

**Legal Analysis**

*12(b)(5)*

MMCA and Crossroads moves to dismiss Vazquez' complaint because he improperly served them using certified mail. Vazquez opposes, claiming that their argument is waived because MMCA and Crossroads accepted service via certified mail in prior lawsuits.

Generally, a district court can not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process. *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). Upon filing his lawsuit in federal court, a plaintiff is required to ensure that each defendant received a summons and a copy of the complaint against it. Fed. R. Civ. P. 4(b), (c)(1). A defendant may enforce the service of process requirements through a pretrial motion to dismiss. Fed. R. Civ. P. 12(b)(5). It is the plaintiff's burden to demonstrate jurisdiction through effective service or else to make a showing of good cause as to why he was unable to serve defendants in compliance with the rules. Fed. R. Civ. P. 4(m). If Vazquez does not meet his burden or lacks good cause for not perfecting service, this Court has discretion to dismiss the case under Rule 12(b)(5). *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011). Plaintiff's service requirement is not necessarily satisfied just because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint. *Ligas*, 549 F.3d at 500

A corporation or association served within a judicial district of the United States must be served in accordance with the state law or by delivering a copy of the summons and of the complaint to its officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1). In Illinois, service upon such entities requires leaving a copy of the process with its registered agent or

any officer or agent of the corporation found anywhere in the State, or by publication and mail. 735 ILCS 5/2-204. "Certified mail is thus not listed as an appropriate method of serving corporations in the text of the Federal Rules or the relevant state statutes."

Here, Vazquez admits to attempting to serve the summons and complaint upon Defendants via certified mail on August 7, 2017. Neither provision outlining service permits Certified Mail as a sufficient method for serving corporations and associations. *Goode v. PennyMac Loan Servs.*, LLC, No. 14 C 01900, 2014 U.S. Dist. LEXIS 161484, at *35 (N.D. Ill. Nov. 18, 2014)(Chang, J.) (citing Fed. R. Civ. P. 4(e)(1), (h); 735 ILCS 5/2-203; 735 ILCS 5/2-204) ("Certified mail is thus not listed as an appropriate method of serving corporations in the text of the Federal Rules or the relevant state statutes." ). Further, Vasquez has offered no law or evidence to support his contention that Defendants waived the jurisdiction issue in the instant action simply because they allegedly accepted service by certified mail in three different suits from years prior. Federal Rule of Civil Procedure 12(h)(1) provides that a party waives any defense listed in Rule 12(b)(5) *when it it fails to make the motion under the rule or include the defense in its responsive pleading*. Fed. R. Civ. P. 12(h)(1)(emphasis added). Improper service is the basis of Defendant's responsive pleading, therefore the issue is not waived. Further, Defendant's continued action on this case does not bar them from raising this jurisdictional issue. *Ligas*, 549 F.3d at 503 (Finding that defendant did not waive his objection by subsequently filing an answer and participating in the litigation when it is prompted at the Court's discretion).

Vasquez has not adequately effectuated service under the federal rules or state law, nor has he made any showing of good cause as to why it was not done properly. Consequently, MMCA and Crossroads' motion to dismiss pursuant to Rule 12(b)(5) is

granted and Vazquez' entire Complaint is dismissed without prejudice as to MMCA and Crossroads.

*12(b)(6)*

Defendant KSN moves to dismiss Vazquez' complaint pursuant to 12(b)(6) for failing to adequately plead his claims. Vazquez did not provide any substantive written or oral response to this motion.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face and raising the right to relief above speculation. *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009). When reviewing a motion to dismiss, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Pisciota v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

Here, Vazquez did not provide a written response and in Court, only stated unsupported conclusions of fact, arguing that KSN was intimately involved in his discriminatory treatment and false arrests. He did not analyze or respond to the arguments or cases relied upon in KSN's Motion to Dismiss. While it is this Court's job to "consider whether a plaintiff could prevail under any legal theory or set of facts," District Courts are not required to invent legal arguments for litigants when their briefs only offer factual conclusions and no legal authority. *Cty. of McHenry*, 438 F.3d at 818 (citation omitted); *see Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013). As Vazquez failed to defend his pleading substantively, orally or in writing, he has waived his opposition to the instant Motion to Dismiss. *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005). Accordingly, KSN's Motion is granted and Counts I, II, and III against it are dismissed without prejudice.

**Conclusion**

Based on the foregoing, this Court grants all Defendants' Motions to Dismiss Plaintiff's Complaint without prejudice.

IT IS SO ORDERED.

ENTERED:

SHARON JOHNSON COLEMAN
United States District Court Judge

Dated: 6/19/2018